IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEO HENRY ALBERTSON, JR.,       )
                                )   No. CV 07-529-PA
        v.                      )
                                )   **ORDER**
UNITED STATES, et al.,          )
                                )
        Defendants.             )
_____)

**PANNER, District Judge:**

Leo Henry Albertson, Jr., again purports to remove a criminal case from Lake County Circuit Court for the State of Oregon. The notice of removal states that the criminal case commenced on June 11, 2003. Whether any proceedings are pending in that criminal matter is not clear from Albertson's pleadings. He apparently does want this court to set aside a criminal conviction, the details of which are unclear, to enter an order requiring a new trial and perhaps to grant other relief.

This action was duly assigned to me. Mr. Albertson objects to that assignment, and moves to recuse me. As best I can tell, he is upset because I dismissed his prior attempt to remove the same criminal case. The motion is denied. A litigant's dissatisfaction with rulings made in his case, or in a prior case, are insufficient to disqualify the judge. See Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone

1 - ORDER

almost never furnish a basis for recusal).

Albertson's motion also contends the "only Judges in the United States of America with the proper credentials to hear the instant case" are the members of "the United States Court of International Trade." Albertson lists, by name, the judges he is willing to accept to preside over this action.

A litigant has no right to decide which judge or judges will preside over an action. Litigants are entitled to an impartial judge, but "they have no right to the judge of their choice." <u>United States v. International Business Machines Corp.</u>, 857 F. Supp. 1089, 1091 (S.D.N.Y. 1994).

This matter was filed in the District of Oregon. The judges of this court are authorized by law to preside over actions commenced in this district. Mr. Albertson's motion to disqualify all judges in the district, and substitute a judge from the Court of International Trade, is denied.

Whether a federal district court has subject matter jurisdiction over this action--which purports to remove a criminal matter from state court--is another matter. In the order dismissing the prior action, I emphasized the importance of complying with the removal statutes and, in particular, the procedures in 28 U.S.C. § 1446(a). This includes the requirement, at the time of removal, to furnish the court "with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." This is necessary so the court has some idea what has transpired in the state court action that is being removed, and the federal court can ascertain the current procedural posture of the removed proceeding.

2 - ORDER

Albertson has not followed my earlier admonition, leaving this court largely in the dark regarding the details of the state court case. He does state that it concerns "the felony of, 'Simulating a legal process.'"

There are very few circumstances in which a state court criminal proceeding may be removed to federal court. Typically, the defendant must be a federal agency or employee, or member of the military, who is prosecuted for acts performed in the line of duty. See 28 U.S.C. §§ 1442 and 1442a. In rare instances, a criminal prosecution may also be removeable under the civil rights removal statute, 28 U.S.C. § 1443.

The person removing the matter to federal court has the burden of establishing that the case is removeable. Haller v. Kaiser Foundation Health Plan of the Northwest, 184 F. Supp. 2d 1040, 1043 (D. Or. 2001). The "notice of removal of a criminal prosecution shall include all grounds for such removal." 28 U.S.C. § 1446(c)(2). Having studied the papers filed by Albertson, it is apparent that he has not met his burden of showing this action is removeable.

In crafting the removal statutes, Congress was concerned that state court criminal proceedings not be disrupted by frivolous attempts at removal. When a notice of removal is filed in a criminal action, the federal court is required to examine the notice promptly. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id.

/ / / /

3 - ORDER

Summary remand is appropriate here. Albertson's pleadings offer no hint of any valid basis for removing this matter to federal court. The matter therefore is remanded to the state court from which it originated. Pursuant to § 1446(c)(3), the filing of the notice of removal did not deprive the state court of jurisdiction, nor invalidate any proceedings conducted in that state matter during the interim, except as specifically denoted in § 1446(c)(3).

One final matter remains. When Albertson first sought to remove the criminal proceeding to federal court, he paid the $350 filing fee to commence an action in this court. I dismissed that case the same day. Albertson promptly filed additional documents. The clerk construed this as an attempt to commence a new action, and charged Albertson a second $350 filing fee, which he paid. It appears that Albertson essentially was seeking reconsideration of my earlier adverse ruling, and to articulate additional arguments, for which it was not necessary to open a new action and pay a second filing fee. Indeed, with limited exceptions not present here, § 1446(c)(2) actually prohibits the filing of a successive petition to remove a criminal proceeding.

In the interest of justice, the Clerk shall refund to Albertson the second $350 filing fee. This may take a few weeks to process. It will be mailed to Albertson separately, at the address he has provided.

/ / / /

/ / / /

/ / / /

/ / / /

4 - ORDER

## Conclusion

Plaintiff's objection to assignment and motion to recuse (docket # 3) is denied. This action is dismissed. The underlying criminal proceeding is remanded to Lake County Circuit Court for the District of Oregon. The Clerk shall refund to Albertson the $350 filing fee that was incorrectly paid twice.

IT IS SO ORDERED.

DATED this \_\_\_\_7\_\_\_\_ day of April, 2007.

*/s/ Owen M. Panner*
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

5 - ORDER